Good morning. May it please the court, my name is Emily Mar and I represent petitioner appellant Jesus Chavez-Chavez. May I please reserve two minutes for rebuttal? Yes, and the clock counts down so try to keep track. Thank you. We are here today because justice demands that the government's removal order be canceled. The government's order would deport Mr. Chavez-Chavez away from his family, and the country he considers home, to Mexico, a country that is completely foreign to him in terms of place, culture, and language. So for years Mr. Chavez-Chavez has waited in civil detention for this day. The day that he hopes this court will fix the government's mistake and allow him to be and the flawed abstract of judgment without anything more, rise to the level of clear, convincing, and unequivocal evidence. Excuse me, counsel, how does this case differ from Torrey Jimenez? Your Honor, are you asking about Dela Torrey Jimenez? There they considered a criminal complaint, an abstract of judgment, and a docket sheet to determine whether the defendant was convicted of all the elements of the federal generic offense. How is this case differ? Well, Your Honor, I would point out that the docket sheet would be an additional document that is not at issue in this case. In this case, there is only the abstract of judgment and the complaints. Another potential distinguishing feature, Your Honor, is the fact that different abstracts of judgment have different degrees of facts. So, for example, in this court's en banc decision in Vidal, it required that the abstract of judgment specifically state that the individual was pleading guilty as charged in the information or as charged in the complaint. This is the kind of abstract of judgment. The abstract of judgment says, count 1A, possession of or transportation of a controlled substance. It nowhere identifies what that controlled substance is. 1B, possession of a controlled substance. Again, it does not identify what the controlled substance is. 1C, possession of a controlled substance. Again, it does not identify what the controlled substance is. And this is important, Your Honor, because Mr. Chavez-Chavez pled guilty to felonies under the California Health and Safety Code, and that is broader than the Controlled Substances Act. And, Your Honor, I would also point out that Mr. Chavez-Chavez pled guilty to state felonies in California, and that matters for several reasons. California State law is clear that it is possible for there to be an informal amendment to the charging document. And what that means is that the prosecutor and the defense attorney can agree that the defendant is pleading guilty to a lesser charge without actually amending the document. All we have before us, all anyone in this room has before us, is the cold record, which very well could not have been amended. Mr. Chavez-Chavez pled guilty to a lesser charge, but that's not reflected in the document. And that's why this Court's decision in — I may have misheard you. Did you just say he did plead guilty to a lesser charge, or you're saying that we don't know whether he — Thank you for the question, Your Honor. I'm saying we don't know. I'm saying that no one in this room knows. And that's why this Court's decision in Canterback was so important. In that case, this Court required that, in addition to the abstractive judgment, in addition to the complaints, there was a plea colloquy. And in that plea colloquy, the defendant stated not once, not twice, but three times that, in fact, he was pleading guilty to the specific crimes as charged in the complaint. And the Court used Canterback to distinguish it from Ruiz-Vidal and Martinez-Perez, where there wasn't that same degree of certainty. And certainty matters, because as I said when I first opened this morning, Mr. Chavez-Chavez's future depends on it. Of course. How do we know that, consistent with the paper that we have here in front of us, that he could have pled or that the practice was to allow pleading to a lesser charge than appears in the papers? Because if all I do is look here at the papers, it's quite clear to me that he pled to a crime involving meth. So how do we know that it was a possibility that he pled to a lesser charge that doesn't appear in the papers? Yes, Your Honor. Thank you for the question. I would refer to this Court's decision in Young v. Holder in 2012 that says that this Court can look to State law to understand the meaning of the plea. And here, State law would be California, and there are multiple California State decisions that provide context for understanding that the cold paper is not necessarily an accurate reflection of what Mr. Chavez-Chavez pled to. So first, I would refer the Court to People v. Mitchell, which says that the abstract is simply a document summary prepared by a clerk of court. It does not necessarily reflect exactly what happened or was decided. And that's further supported by People v. West, where it says that a California criminal court can accept a guilty plea to a reasonably related lesser offense. And I think that that is an important point for Mr. Chavez-Chavez. Well, and can you give some evidence that he did as opposed to that it might have happened? Thank you for the question, Your Honor. I believe that that is the government's burden to prove the evidence. And here, the problem --- Okay. If we just look at what we've got, we've got an abstract that says he pleaded guilty to three crimes. It identifies the counts by number and the cases by letter. And then when you look at the complaint, you can tell that the letter means it was methamphetamine. So if that's all we've got, it seems like it's established that that's what he pled to. And I can't tell why there should be a doubt. Your Honor, I have two responses to that question. The first is that the abstract of judgment is a flawed document. If you look at the abstract of judgment on administrative record, page 863, it's clear that his date of birth is not actually 2010. But that would have to be a typo, I think, because I looked at that date of birth, and he would have had to commit the crimes before he was born. And I think he would have had to plead guilty either before he was born or stand up in court when he was a few months old and plead guilty. Not very likely. Correct, Your Honor. It looks like a typo. And I think that that sort of error opens the door to questioning what else might be less than thorough or less than complete about the abstract of judgment. There are many instances where the abstract of judgment does not fully reflect what happened, which is why this Court's en banc decision in Vidal was so important, because it required that you not just have that linking information, but that you have the phrase, as charged in the complaint or in the indictment. I recognize that this Court has created exceptions to Vidal. However, the fact that this case happened, the underlying criminal case happened in California, is important because there is an informal amendment doctrine. And that allows and creates the possibility for the fact that Mr. Chavez, Chavez's criminal attorney, and the prosecutor informally amended the charge, because at the time the — California allows this informal amendment that it will not appear anywhere in the written record that there has been a pleading to a lesser charge? Your Honor, I don't — And I understand you can plead to a lesser charge. I get that. Sure. But the next question is, well, if you plead to a lesser charge, won't that appear in the written record? Your Honor, I believe it absolutely should, but the fact that the informal amendment doctrine exists shows that it — that California doesn't require that. And because California doesn't require it, and because of this Court's decision in Young v. Holder, I believe this Court would give certain deference and recognition to the way that the California courts operate. Okay. Now, I've eaten into your rebuttal time, so why don't you save it and go on. Oh, I'm sorry. I have just one quick question. Your Honor. And I'm sure our presenting judge will extend your time for the moment. Yes, I will. So don't worry about that. Did you raise the birth-date argument with either the IJ or the BIA? Your Honor, I was not appointed counsel for Mr. Shah. No. Was it raised? No, Your Honor. Thank you. Okay. Thank you. Let's hear from the government, and we'll give you some time to respond. May it please the Court. Matthew Spurlock on behalf of the United States. The remaining issue in this case over which this Court has done over review is whether the record of conviction that was presented to the Board and the Board considered in their modified categorical approach here establishes that Petitioner's convictions were properly treated as convictions related to a controlled substance and aggravated felonies. The documents here have been discussed are three felony complaints and one abstract judgment. And the abstract judgment, when considered in conjunction with the criminal complaints, provide very clear and convincing evidence that, in fact, the Petitioner in this case was convicted of possession with intent to sell and possession to transport methamphetamine. And that's, of course, the important issue here is that it was methamphetamine. But it's not so far so good. How do you respond to the contention that California allows informal amendments and allows them under the informal amendment, pleading to a lesser charge, which might not show up in the written record? I believe Kibantak specifically addressed that situation, because in Kibantak, there was evidence in the conviction records that, in fact, there was a people-of-U.S. They brought up in their conviction documents, which is the same situation we have here, we have very clear matching between the abstract and between the complaints, that there's no ambiguity. If there was some sort of ambiguity, if there was some indication in those documents that there was some sort of plea to something that wasn't charged in the complaints or that there was some indication that that's what happened, then maybe you would consider that. But that's not at all what we have in these conviction documents. These conviction documents very clearly lay out the case numbers and the count numbers of each case number and indicate exactly what he was convicted of, when the date of conviction or when the date of the criminal act took place and the date of the plea. Well, opposing counsel has indicated that neither the IJ or the BIA considered in the first instance Chavez's argument about the incorrect birth date. Why shouldn't we send this case back for further fact-finding? I believe, Your Honor, that that was not brought up before the immigration judge or the board that was brought up in briefing. And the Respondent's brief specifically argued under Barron that this shouldn't be considered because it wasn't brought up before the agency. And it was just, it's a clear typographical error that the clerk accidentally put the current date for the year, but it was the correct birthday, it was just the wrong year. So that was, that's certainly not enough to take you into the area of we have an ambiguous abstract of judgment. It's kind of clear what happened in that specific, that doesn't call all the other dates and very specific right-on-point lists in the count column and in the crime column and in the section column about exactly what he was convicted of, which allows the court, obviously, under Kibantak and also under the Torres-Jimenez case, to go back and look at the facts that are alleged in the criminal complaints, which in this case they all clearly say he did, in fact, you know, possess with intention to sell, to wit, methamphetamine in all three of the counts that we're considering for whether or not he's removable as either an Agfel or a controlled substance. Do you have a case to support your argument that, or what is your best case, that we can assume that the typographical error, I mean, that it was a typographical error, the incorrect birth date? I don't have a case specifically, Your Honor, that if you have an error on there, that that would have, that would, you could look beyond that. But I think this Court certainly could do that because the rest of the document is fairly clear. This is a simple typographical type of an error, as opposed to, like, a case like Medina. If it's the right guy, if it's the right guy, I suppose the typographical error would be significant if the abstract was for some other Jesus Chavez Chavez. That's absolutely correct, Your Honor. The only question you would be asking then would, are we dealing with the correct identity here? And there's, I would say there's virtually no chance that you're dealing with a different Jesus Chavez Chavez in this case. Well, I think the argument is that if the, whoever it is that's typing these things up will put in the wrong date. They might all put in the wrong letters and so on, so that we can't trust the letters that show up that are, that you're relying on. That's correct, Your Honor. And that is something that this Court would consider in making the determination whether these, these documents are ambiguous or not. I would argue, Your Honor, that that... They're absolutely unambiguous. The only question is whether they're wrong. Correct. Correct, Your Honor. I think that one specific typo would not be enough to constitute an ambiguous document that you would throw the entire document out. I would, as sort of a... I agree with you. It can't be that he pleaded guilty before he was born or committed the crimes before he was born. How do we know for certain it's the same Jesus Chavez Chavez? I would think that would be the doubt raised. Absolutely, Your Honor. And I think the first, the one thing to look to is the actual error, because it lists his date of birth as July 15th, 2010. His birthday is in fact July 15th. It's just not 2010. I believe it's obviously, you know, roughly 25 years... One way we know it's the same guy is the birthday is July 15th. That's correct, Your Honor. And there's... I could look to specifically the... If you look to the felony complaints and it lists the DA numbers and the, I believe the case number also, I mean, those also match up. And if you look to his name, his date of birth is on the, you know, on the criminal complaints as well as... And it's July 15th, 1985. So that would be a pretty big indicator that we're dealing with the same exact individual, that we're not dealing with a different Jesus Chavez Chavez. Well, the hearing was in 2010 and the document was prepared in 2010 and the typist just made everything 2010. Exactly. And I think that's an error that happens. Sometimes when people are typing, they type the incorrect date for a birthday, they just interpose that date, which could be confusing because it's also around the same period as July I suppose. I mean, one could also argue that. But certainly... And I don't think that... I don't want to get away back to the record, but I'm pretty sure on the record there was no doubt that Mr. Chavez, in fact, was guilty of something having to do with... It wasn't... It was never raised before the immigration judge, I guess, was always saying that this isn't even me, I never did this. It was always specifically... The only thing that we've really ever argued about is methamphetamine, whether it meets that element. And just to go back, one more point to make on that is a good example of sort of an error that would make a difference would be the case Medina Lara, because that shows that in the abstract, where you have the counts listed as 1, 2, 3, or A, that was clearly a mistake that they listed that as 3A. And there was ambiguity there because in that mistake, he appeared to have pled to something that was not on the complaint. So then you did have that ambiguity of what was it that he pled to, and there was no plea colloquy to look to to confirm that. We don't have a plea colloquy either, but because the abstract is so directly on point with the complaint that this court can use the facts in the complaint to conclude that he, in fact, the substance involved was methamphetamine. I will just briefly say Kibantak clearly applies in this case. It's directly on point. And the cases that have followed Kibantak also clearly support a decision here. As I mentioned, Torrey Jimenez, as well as Coronado V. Holder, those also are directly on point. To summarize, unless the panel has any more questions for me, I would just say that Kibantak clearly is in this Court's precedent, clearly say that you can consider the complaints in conjunction with the abstract of judgment as long as there's no ambiguities that show up. And the one ambiguity that they've brought up, the date of birth, it's pretty clear that that's not a mistake as to identity, but just a typographical error. The records of conviction here are sufficient, and they're sufficient to support the grounds of removability and denial of cancellation removal. Thank you. Thank you. Thank you. Would you put two minutes on the clock? Thank you. Thank you, Your Honor. The government, when it spoke earlier, it said that the three felony complaints considered in conjunction with the abstract of judgment amount to clear and convincing evidence. I respectfully disagree. Moncrief and Sheppard and its progeny have required more for clear and convincing evidence. They've required there to be factually rich documents, such as a plea colloquy, such as a transcript, such as a plea agreement, none of which are here. I agree with the government that Cantabac matters, and the reason it matters is because in that case, the defendant pleaded guilty with a plea colloquy and affirmed that he was pleading guilty to the same crime as charged in the abstract of judgment three separate times. Haven't we held that the abstract plus the charge is enough? Your Honor, thank you for bringing up that question. The government did point to three cases where this Court has found in summary decisions that the abstract and the complaint are adequate. However, those decisions are distinguishable because based on the summary decision, we don't know if there were any typographical errors in the complaint. On the typographical error, it occurs to me the failure to raise it below isn't just a technical problem here. If it's a different Jesus Chavez Chavez, you would expect Mr. Chavez Chavez to say that's not me, that's somebody else. The fact that he pleaded guilty to these charges suggests that it was just a typographical error. I think that's what the government was arguing. Yes, Your Honor, I agree it's what the government was arguing, and my response to that would be that the fact of the typographical error is a gateway that raises questions regarding the completeness and the care with which the document was put forward. What's the question exactly? The question before. You say it raises questions, and I'm trying to identify a question. The only one I could see was identity, and maybe there's another question it raises, and if there is, I'd like to know what it is. Sure, Your Honor. My question would be, it raises whether California's informal amendment doctrine was at play, and if so, it would not be an aggravated felony, and Petitioner Chavez Chavez should not be removed, and the government's order should be canceled. Thank you. Okay. Thank you very much. Now, as I understand it, this was a pro bono case. Thank you very much for doing that. The Court very much appreciates the help. We get excellent lawyers to argue pro bono, as you are indeed an excellent lawyer. I'm not saying anything about the merits of the case, but I am saying that we're very grateful. You made a nice argument, too, but you're getting paid. Okay, so the case is submitted. Thank you.
judges: D.W. Nelson, Kleinfeld, W. Fletcher